## J. U. PARKER *versus* TIMOTHY MITCHELL.

At an auction, when one of the conditions of the sales was, that the purchasers should have a credit of ninety days, giving good security, an anvil was struck off to a bidder, who removed it a little distance in the auction room, but afterwards refused to take it, or to give security—it was held, that *indebitatus assumpsit* could not be maintained for the price, until the expiration of the ninety days.

THIS was a writ of error, brought to reverse a judgment of the court of common pleas. It appeared by the record, that the plaintiff in error brought an action against the defendant upon an account as follows.

"*January* 31, 1827.

T. Mitchell to J. U. Parker, Dr.

To one anvil 108 lbs. at 4 1-2 cents per lb. $4,86."

The action was commenced on the 1st March, 1827, before a justice of the peace, and was carried to the court of common pleas by appeal, where it was proved, upon

Parker
*v.*
Mitchell.

the trial, that the anvil was struck off to the defendant at public auction, on the 31st January, 1827, at four cents per lb. and weighed about 100 lbs—that at the time of sale the defendant was informed that it was knocked off to him, and that he went to the article and moved it to a hogshead in the auction room. It was proved by the defendant, that the conditions of the sale were a credit of ninety days, giving good security, on interest from the time of the sale. The defendant afterwards refused to take or to pay for the article.

The court instructed the jury, that under the circumstances of the case, the plaintiff might affirm the sale, or disaffirm it and reclaim the article ; but by affirming it, he was bound to give the ninety days credit, although no security was given ; that he might dispense with the conditions in his own favor, but could not maintain an action before the expiration of the ninety days. Under these instructions the jury found for the defendant, and judgment was rendered accordingly.

*C. H. Atherton*, for defendant.

*Parker, pro se.*

*By the court.* The circumstance, that the buyer in this case took the anvil and moved it, is not conclusive evidence to show a delivery by the seller, or an acceptance by the buyer. 2 B. & C. 511, *Philips* v. *Bistoli.*

At farthest, it only shows what might perhaps be considered an acceptance, if the seller elected so to consider it. For it is clear the buyer had no right to take the article until the security was given.

But if the seller elected to consider it a sale and delivery, still it was a sale, under a special contract, that a credit should be given for the price ; and *indebitatus assumpsit* could not be maintained for the price, until the term of the credit expired. This is now well settled. 9 East, 498, *Hoskins* v. *Duperoy* ; 4 B. & P. 330, *Brook* v. *White* ; 4 East, 147 *Mussen* v. *Price* ; 3 B. & P. 582, *Dutton* v. *Solomonson* ; 5 Pick. 15, *Loring* v. *Gurney.*

If the seller in this case had any cause of action, when this suit was commenced, it was for a breach of the special contract.

We are, therefore, of opinion, that the direction of the court below to the jury was correct, and that the judgment must be affirmed.

*Judgment affirmed.*